IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03099-M

ROBIN PHILLIPS, as Administratrix of )
the Estate of Tamarquis Phillips, )
)
              Plaintiff, )
) **ORDER**
      v. )
)
NAPHCARE, Inc., et. al., )
)
             Defendant. )

This cause is before the court on the United States' motion to dismiss as time-barred plaintiff's Federal Tort Claims Act ("FTCA") causes of action. See Mot. [D.E. 120]. For the reasons discussed below, the court denies this motion without prejudice.

Relevant Procedural History:

On November 21, 2018, in the U.S. District Court for the Middle District of North Carolina, Robin Phillips ("plaintiff"), the administratrix of the estate of Tamarquis Phillips ("Mr. Phillips"), filed through counsel a complaint citing 42 U.S.C. § 1983 and state tort law. Compl. [D.E. 1] at 2–3. At the time of his May 20, 2017, death, Mr. Phillips was an inmate at the Federal Correctional Complex Butner ("Butner"). Id. at 2. The initial complaint named as a defendant the United States, among others, and alleged counts of negligence, wrongful death, corporate negligence, "deliberate indifference to serious medical needs," and gross negligence. Id. at 19–27.

On February 15, 2019, plaintiff filed an amended complaint re-naming some defendants, adding new defendants, but no longer raising claims against the United States. See Am. Compl. [D.E. 9] at 1, 26–33. This amended complaint alleged counts of negligence, wrongful death, corporate negligence, "deliberate indifference to serious medical needs," and gross negligence. Id.

On May 31, 2019, the United States moved both to substitute for three counts as to some individual defendants under the FTCA, see Mot. [D.E. 29], and to dismiss state-law tort claims for failure to exhaust administrative remedies under the FTCA, see Mot. [D.E. 30].

On June 19, 2019, plaintiff acknowledged failure to exhaust administrative remedies under the FTCA and voluntarily dismissed three counts as to the defendants for whom the United States had moved to substitute. See Pl.'s Notice [D.E. 58].

Circa June 24, 2019, plaintiff presented an FTCA claim to the Bureau of Prisons ("BOP") and the claim was denied on December 30, 2019. See 2d Am. Compl. [D.E. 109] at ¶20.

On January 10, 2020, the U.S. District Court for the Middle District of North Carolina, among other things, denied as moot the United States' motion to substitute and motion to dismiss. See Order [D.E. 85] at 9–10.

On May 19, 2020, plaintiff moved to amend the complaint and to join the United States as a defendant. Mot. [D.E. 91]. Plaintiff's proposed second amended complaint, among other things, named the United States as a defendant pursuant to counts of negligence (Count V), corporate negligence (Count VI), and wrongful death (Count VII). See [D.E. 91-1] at 2–3, 9, 36–41.

On April 8, 2021, the action was transferred to this court. Order [D.E. 101] (finding transfer apt because, *inter alia*, this court is a proper venue for FTCA claims arising at Butner).

On December 3, 2021, the court, *inter alia*, granted in part plaintiff's motion to amend and allowed the second amended complaint to proceed against the United States. Order [D.E. 105].

On March 10, 2022, the United States moved to dismiss FTCA claims, Mot. [D.E. 120] (citing Fed. R. Civ. P. 12(b)(6)), and filed a memorandum in support, [D.E. 121].

On March 29, 2022, plaintiff filed a memorandum in opposition. Pl.'s Mem. [D.E. 125].

On April 12, 2022, the United States filed a response. [D.E. 127].

Arguments:

The parties agree that Mr. Phillips died on May 20, 2017, and that plaintiff presented the FTCA claims circa June 24, 2019, but disagree whether these claims are time-barred.

The United States first argues that a survivorship claim accrued May 19, 2017, because Mr. Phillips "was then in physical pain and mental anguish from going without his critical anti-seizure medication," was "visibly shaking," "told medical staff he was 'not feeling well,'" "told his fiancé that he was worried about his health and potential bad outcome from not receiving his anti-seizure medication," and "was aware that it was BOP providers who were not giving him his anti-seizure medication regimen." See [D.E. 121] at 5–6 (citing 2d. Am. Compl. [D.E. 109] at ¶¶50, 52, 54, 57, 65, 132, 141).

The United States also argues that, because plaintiff pled the necessary facts to "find both knowledge of injury" and "put a reasonable person on notice to investigate potential negligent cause of injury," the FTCA wrongful death claim accrued by May 20, 2017. Id. at 6 (citing Gould v. U.S. Dep't of Health & Hum. Servs., 905 F.2d 738, 742 (4th Cir. 1990) (en banc) ("Gould")).

The United States further argues that "the accrual of the wrongful death claim was not delayed until the autopsy or death certificate recited the specific cause of death" because "[a]ccrual is not dependent on Plaintiff learning the specific medical reason why [Mr. Phillips] died." Id. at 8 (citing Kerstetter v. United States, 57 F.3d 362, 364–65 (4th Cir. 1995) ("Kerstetter")).

The United States contends that plaintiff pled that Mr. Phillips was in BOP custody, had a seizure disorder requiring three prescription medications for management, "informed his family [sic] that BOP had not given him any of his anti-seizure medication for at least four days and he was very worried about his health," and that the BOP doctor listed the cause of death as secondary to the seizure disorder. Id. at 10-11 (citing [D.E. 109] at ¶¶46, 61).

3

In response, plaintiff generally argues that the FTCA claim did not accrue until August 30, 2017, when she received the autopsy results as to Mr. Phillips' cause of death. See Pl.'s Mem. [D.E. 125] at 5–7 (citing, *inter alia*, Frost v. Belcher, No. 1:18-CV-918, 2019 WL 503444, at *4 (M.D.N.C. Feb. 8, 2019)). Plaintiff disputes the United States' characterization of the pleadings, notes the facts alleged were gathered after the autopsy report and with a BOP inmate file received in March 2018, contends the cases upon which the United States relies are distinguishable, and argues that whether she knew or should have known Mr. Phillips' cause of death before the autopsy is a question of fact that cannot be resolved on a motion to dismiss. Id. at 7–11.

In reply, the United States reiterates that a reasonable person would have been on notice of a potential FTCA claim at the time of Mr. Phillips' death, and that, "prior to his death, Decedent told his family [sic] that BOP was not giving him life-saving medication." [D.E. 127] at 2–3. The United States also distinguishes cases cited by plaintiff. Id. at 2–8. The United States further argues that the motion to dismiss relies solely on the facts alleged by plaintiff. Id. at 8–9.

Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012). To withstand a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570.

When considering a motion to dismiss, the court presumes as true the complaint's factual allegations and construes these allegations in the light most favorable to the non-moving party. Albright v. Oliver, 510 U.S. 266, 268 (1994); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,

4

591 F.3d 250, 255 (4th Cir. 2009). Nevertheless, the court need not accept a complaint's legal conclusions drawn from the facts, see Iqbal, 556 U.S. at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted).

Discussion:

The FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues.'" United States v. Wong, 575 U.S. 402, 405 (2015) (quoting 28 U.S.C. § 2401(b)). The accrual of an FTCA tort claim is determined by federal law. See Gould, 905 F.2d at 742. In medical malpractice cases, an FTCA tort claim accrues "when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury." Id. (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)). The FTCA's statute of limitations is a procedural, not a jurisdictional, time bar that is subject to equitable tolling. See Wong, 575 U.S. at 420; Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (discussing tolling principles).

Plaintiff commenced the instant action less than two years after Mr. Phillips' death and presented FTCA claims to the BOP less than one week after voluntarily dismissing claims pursuant to the United States' motions to substitute on behalf of some defendants and to dismiss for failure to exhaust FTCA administrative remedies. See Compl. [D.E. 1], Mot. [D.E. 29], Mot. [D.E. 30], Pl.'s Notice [D.E. 58]. Thus, plaintiff's claims appear timely under 28 U.S.C. § 2679(d)(1), (5). See Browning v. United States, 584 F. App'x 149 (4th Cir. 2014) (per curiam) (unpublished) ("If the plaintiff files a civil action against the wrong defendant, under 28 U.S.C. § 2679(d)(5) (2012), an administrative claim filed after the federal government has been substituted as the proper party "shall be deemed to be timely presented . . . if . . . the claim would have been timely [under the

FTCA's two-year statute of limitations] had it been filed on the date the underlying civil action was commenced."); cf. Frost, No. 1:18-CV-918, 2019 WL 503444, at *3–5 (M.D.N.C. Feb. 8, 2019) (discussing the 28 U.S.C. § 2679(d) "savings clause," collecting cases, but finding plaintiff had not timely commenced the action); Klepack v. United States, No. 5:13-CV-124, 2014 WL 12602873, at *4 (N.D.W. Va. Apr. 10, 2014) (noting the "savings clause" in 28 U.S.C. § 2679(d) could not save plaintiff's complaint because she had not timely commenced the action).

Alternatively, it is not clear from the face of the pleadings that plaintiff knew or had reason to know the "cause" of Mr. Phillips' injury circa the date of his death. Cf. Gould, 905 F.2d at 742; see also Amburgey v. United States, 733 F.3d 633, 638 (6th Cir. 2013) (rejecting the contention that "a wrongful-death claim automatically accrues on the date of death"); Diaz v. United States, 165 F.3d 1337, 1340 (11th Cir. 1999) ("[O]ne of the reasons for using the diligence-discovery rule in medical malpractice cases is that the facts indicating a governmental cause may be solely in the hands of the governmental tortfeasor or may be otherwise difficult to obtain. This reason is no less valid merely because the patient dies."); Adkins v. United States, 923 F. Supp. 2d 853, 860 (S.D.W. Va. 2013) (distinguishing between cases alleging affirmative treatment versus a failure to treat).

Although the United States argues that Mr. Phillips' "family" knew he was not provided any anti-seizure medication at Butner prior to his death, see [D.E. 121] at 10; [D.E. 127] at 1, 3, 7, the pleadings merely allege that he had so informed his "fiancé," see 2d. Am. Compl. [D.E. 109] at ¶¶53, 57. It is unclear to the court on what basis the United States imputes the purported knowledge of Mr. Phillips' "fiancé" to "the family" and, implicitly, to plaintiff herself.

Further, because it is unclear from the pleadings when plaintiff became aware of the "identity and conduct" of Mr. Phillips' medical providers, the cases upon which the United States chiefly relies – Gould and Kerstetter, both of which were decided at the summary judgment stage

6

– are distinguishable. Cf. Gould, 905 F.2d at 743 (finding that a plaintiff was aware at the time of her husband's death of the "injury and its cause, including the identity and conduct of attending physicians"); Kerstetter, 57 F.3d at 365–66 (finding that plaintiffs were aware of the two "critical facts" – that their daughter was injured and that a specific surgery had caused the injury – more than five years before filing an administrative claim, and stating that, "[s]o long as the plaintiff knows 'the critical fact' of 'who has inflicted the injury,' he can act to protect his rights by inquiring whether the injury was inflicted negligently" (quoting Kubrick, 444 U.S. at 122)).

In sum, construing the factual allegations in the light most favorable to plaintiff, issues of fact preclude dismissal of the FTCA claims as time-barred at this stage of the proceedings.

## Conclusion:

For the reasons discussed above, the court DENIES WITHOUT PREJUDICE the United States' motion to dismiss [D.E. 120]. The clerk shall continue management of the case.

SO ORDERED. This 17th day of October 2022.

Richard E Myers II

RICHARD E. MYERS II
Chief United States District Judge