IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CT-3099-M

| | | |
|---|---|---|
| ROBIN DENISE PHILLIPS, Personal Administratrix of the ESTATE OF TAMARQUIS ASHANTI PHILLIPS, | ) ) ) | |
| | ) | UNITED STATES' |
| Plaintiff, | ) | ANSWER TO |
| | ) | SECOND AMENDED |
| V. | ) | COMPLAINT |
| | ) | |
| GURINDER SANDHU, VANCEBORO INTERNAL MEDICINE, P.A. TERI PERKINSON, YVONNE LANE, and UNITED STATES OF AMERICA | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The United States responds to the allegations set forth in the numbered paragraphs of the Second Amended Complaint [D.E. 109] as follows.

<u>NATURE OF ACTION</u>

1.  Admitted that this lawsuit arises out of the death of Tamarquis Ashanti Phillips (Mr. Phillips) at the Federal Correctional Complex, Butner, North Carolina (FCC Butner). Otherwise, denied. All allegations, arguments, and inference of negligence specifically are denied.

2.  Admitted that Mr. Phillips entered FCC Butner from the Mecklenburg Central Jail (MCJ). Mr. Phillips recited he had a seizure disorder, "General Absence" (US Resp 1st RFP #4 pages 53 and 63_corrected), and he came from MCJ with three commercial pharmacy bottles of

1

prescription anti-seizure medication, including Keppra, Vimpat, and Divalproex, and a MCJ Order Record History reflected Mr. Phillips had been receiving dosages of Keppra, Vimpat, and Divalproex twice daily at MCJ from May 1 through May 15, 2017 (US resp 1st RFP #4 page 83_corrected). Otherwise, denied.

3. Admitted and denied as set out in response to paragraph 2. Admitted that Bureau of Prisons' (BOP) Electronic Medical Records (BEMR) reflect that the MCJ "In Transit Forms", including the MCJ Medication Administration Record (MAR) were scanned into BEMR on May 18, 2017. See Dr. Beyer Declaration ¶ 9. Otherwise, denied. See (US resp 1st RFP #4 pages 27_corrected); see also, paragraph 32 and response to paragraph 32, below.

4. Admitted that FCC Butner gave Mr. Phillips dosages of Keppra, Vimpat, and Divalproex on the evening of May 16, 2017 and the morning of May 17, 2017 and a 30-day supply of Divalproex for self-carry on the evening of May 18, 2017 at 1928. See (US resp 1st RFP #4 pages 87-89_corrected); Perkinson, Smith, and Lane depositions. Admitted that the toxicology report reflects that Mr. Phillips did not take the Divalproex dispensed to him. See Carrie Griffith's report produced by Defendants Lane and Perkinson. Otherwise, denied.

5. Admitted that Mr. Phillips arrived on May 16, 2017 and died on May 20, 2017 (US resp 1st RFP #4 page 66_corrected); Dr. Sandhu, who

2

participated in the resuscitative efforts, entered a "Death Note" on May 20, 2017 noting "Cause of Death: seizure disorder" (US resp 1st RFP #4 page 45_corrected); and the Supplemental Report of Cause of Death addendum to the Death Certificate recites "Seizure Disorder" as a cause of Mr. Phillips' death (US resp 1st RFP #4 page 67_corrected). Otherwise, denied.

6.    Admitted that Plaintiff purports to bring state law tort claims and a claim for deliberate indifference to serious medical needs pursuant to Bivens.  Denied that 42 U.S.C. § 1983 is an analog of Bivens; the former is a statute and the latter is a court case. Defendant United States denies all allegations, arguments, and inferences of negligence.

7.    Admitted that Plaintiff filed suit against the United States under the Federal Tort Claims Act (FTCA). Admitted further that Congress waived liability to suit for the negligent acts of federal employees acting within the scope of their employment, 28 USC § 1346(b), and the United States is subject to liability for "tort claims, in the same manner and to the same extent as private individuals under like circumstances, but **shall not be liable for interest prior to judgment or for punitive damages.**" 28 USC § 2674 (emphasis added). Admitted that Plaintiff attempts to invoke jurisdiction through the FTCA, 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq*. As noted in its defenses, the United States challenges as time-barred Plaintiff's FTCA claim for failure to present

it to the BOP with 2 years of claim accrual. Fed. R. Civ. P. 12(b)(6); [D.E. 121; D.E. 127]. All allegations, arguments, and inferences of negligence are denied.

<u>PARTIES</u>

8. Admitted that the BOP's records reflect that Robin Denise Phillips (Plaintiff) is the mother of Mr. Phillips and the BOP received Letters Administration for the Estate of Mr. Phillips, dated January 26, 2018 issued by Mecklenburg County appointing Plaintiff is as Administratrix of the Estate of Mr. Phillips. The United States does not challenge Plaintiff's recitation of facts as to her residence.

9. Admitted that Mr. Phillips was born in 1978, died on May 20, 2017 at FCC Butner, and that Letters appointing Plaintiff as Administratrix of Mr. Phillips' estate issued on January 26, 2018. The United States understands that Mr. Phillips was residing with his fiancé, Ms. Demetria Allen, prior to his incarceration. The United States is without information sufficient to admit or deny the remainder of the allegations so they are denied.

10. Plaintiff voluntarily dismissed Dr. Sandhu as a Defendant. [D.E. 130]. Admitted that Dr. Sandhu was an independent contractor internist for the Low Security Correctional Institution (LSCI Butner) who attended the resuscitation efforts on Mr. Phillips on the morning of May 20, 2017 and pronounced his death. (US resp 1st RFP #4 page 45_corrected).

4

11.   Vance Internal Medicine, P.A. also was dismissed as a Defendant. [D.E. 130]. This allegation is not relevant to the United States so it is denied.

12.   Vance Internal Medicine, P.A. also was dismissed as a Defendant. [D.E. 130]. This allegation is not relevant to the United States so it is denied.

13.   Admitted that Teri Perkinson is an emergency medical technician-paramedic (EMT-P) employed by the BOP and, in this capacity, conducted the initial medical intake of Mr. Phillips upon transfer to FCC Butner. The United States does not challenge the allegation regarding Teri Perkinson's residence. See [D.E. 117, at ¶ 13]. Otherwise, denied.

14.   Admitted that Yvonne Lane is a registered nurse employed by the BOP at FCC Butner. The United States does not challenge the allegation regarding Yvonne Lane's residence. [D.E. 116, at ¶ 14]. Otherwise, denied.

15.   Admitted.

16.   Admitted that FCC Butner provided medical care to inmates. The remainder of the allegations are denied. Specifically, the United States denies all allegations, inference, and arguments of negligence.

   a.   Admitted the BOP employed Warden Holland.

   b.   Admitted the BOP employed Warden Revell, however she retired from the BOP on August 11, 2012.

c. Admitted the BOP employed Warden Andrews, however, at all times relevant to this case, Warden Andrews was the Warden at FCI Butner II and had no oversight of matters at LSCI Butner.

d. Admitted the BOP employed Warden Hollembaek, however she retired from the BOP on December 31, 2016.

e. Admitted the BOP employed Warden T. Smith, however, at all times he was at FCC Butner, Warden Smith was the Warden at FCI Butner I and had no oversight of matters at LSCI Butner. Warden Smith left FCI Butner on November 26, 2016.

f. Admitted the BOP employed Warden D. Smith.

g. Admitted the BOP employed Associate Warden Swain and she participated in the mortality review. See (US resp to RFP #8, CPO_ covered documents, page 13).

h. Admitted the BOP employed Dr. Beyer. The remainder of paragraph 16(h) is admitted to the extent supported by and denied to the extent not supported by Dr. Beyer's Declaration in *lieu* of deposition dated October 17, 2022.

i. Admitted that Nurse Practitioner Van Sickle is a commissioned officer of the United States Public Health Service and was previously employed by the BOP. Admitted Nurse Practitioner Van Sickle was the mid-level provider who provided care to Mr. Phillips. See response to subparagraph (k), below.

6

j.  Admitted that the BOP employed Dr. Stock. Denied that Dr. Stock was Nurse Practitioner Van Sickle's supervisor. <u>See</u> Van Sickle deposition, page 34, lines 1-6.

k.  Admitted that the BOP employed Dr. Rosenthal, she was Mr. Phillips' assigned primary care provider, and she participated in the mortality review. <u>See</u> (US resp to RFP #8, CPO_covered documents, page 13).

l.  Admitted the BOP employed RN DeNuzzia.

m. Admitted the BOP employed RN Hackett.

n.  Admitted the BOP employed Nurse Lane and EMT-P Perkinson.

<u>JURISDICTION AND VENUE</u>

17.  The United States does not challenge that Plaintiff attempts to assert claims pursuant to <u>Bivens</u> and, subject to its defense of untimeliness set out below, the Federal Tort Claims Act (FTCA). Further, the United States denies that the allegations in the Second Amended Complaint state claims upon which relief may be granted.

18.  Denied. Without waiving its defense of untimeliness set out below, to the extent subject matter jurisdiction exists against the United States, it is pursuant to 28 USC § 1346(b). The United States denies that the allegations in the Second Amended Complaint a state claim upon which relief may be granted.

19.  The United States does not challenge venue.

7

ADMINISTRATIVE EXHAUSTION

20.    Denied. <u>See</u> [D.E. 121; D.E. 127], and defense below. The United States incorporates by reference its recitation of facts and arguments set out in its memorandum in support of motion to dismiss and reply. [<u>Id.</u>]. Fed. R. Civ. P. 10(c).

21.    Denied. <u>See</u> [D.E. 121; D.E. 127].

22.    Admitted that the BOP denied Plaintiff's administrative claim by letter dated December 30, 2019. The United States does not have sufficient information on which to admit or deny the allegation regarding when Plaintiff's counsel received the BOP's denial letter so this allegation is denied.

23.    Denied that Plaintiff timely exhausted mandatory administrative remedies under the FTCA. [D.E. 121; D. E. 127], and defense, below.

FACTS

24.    Admitted that Mr. Phillips was 38 years old at the time of his death (US resp 1st RFP #4 page 67_corrected) and he had a seizure disorder. (US Resp 1st RFP #4 pages 53 and 63_corrected). Otherwise, denied.

25.    Admitted that Mr. Phillips was incarcerated for crack cocaine dealing. Denied that Mr. Phillips had a mere "brief stint as a drug dealer." <u>See</u> Plaintiff's Bates 1673_2014.09.23. Otherwise, denied.

26.    The United States is without information to admit or deny, so the allegations of paragraph 26 are denied.

8

27.     Admitted that Mr. Phillips was prescribed 3 anti-epilepsy medications. See response to paragraph 2, above. Denied that Mr. Phillips had not suffered a seizure in over a year. <u>See</u> (US resp 1st RFP #4 page 53_corrected). The remainder of the allegations are denied.

28.     Admitted that a MCJ Order Record History reflected Mr. Phillips had been receiving dosages of Keppra, Vimpat, and Divalproex twice daily at MCJ from May 1 through May 15, 2017 (US resp 1st RFP #4 page 83_corrected). The remainder of the allegations are denied.

29.     Denied. Allegations with regard to written materials are admitted to the extent supported by and denied to the extent not supported by the written material. The remainder of the allegations are denied.

30.     Admitted. (US resp 1st RFP #4 pages 26-27_corrected).

31.     Admitted that the Court recognized Mr. Phillips had a seizure disorder and recommended placement in a facility capable of treating his condition. (US resp 1st RFP #4 page 27_corrected). Otherwise, denied.

32.     Admitted. (US resp 1st RFP #4 page 27_corrected).

33.     Admitted.

34.     Admitted.

35.     Admitted that the pill line "is designed to ensure medications are dispensed or administered to the inmate as recommended by the Health Care Provider during the scheduled times." The remainder of paragraph 35 is denied. Further, the United States will move to dismiss the claims

9

challenging failure to enact or adequacy of policies as barred by the discretionary function exception of the FTCA. 28 U.S.C. § 2680(a), Fed. R. Civ. P. 12(h)(3).

36. Admitted that Mr. Phillips came from MCJ with three commercial pharmacy bottles of prescription anti-seizure medication, including Keppra, Vimpat, and Divalproex, and a MCJ Order Record History reflected Mr. Phillips had been receiving dosages of Keppra, Vimpat, and Divalproex twice daily at MCJ from May 1 through May 15, 2017 (US resp 1st RFP #4 page 83_corrected). Otherwise, denied.

37. Admitted.

38. Admitted that EMT-P Perkinson started the initial screening process for Mr. Phillips on May 16, 2017 on or about 15:41; she accurately recorded the information that Mr. Phillips provided to her; and based on information provided by Mr. Phillips, EMT-P Perkinson wrote that Mr. Phillips had a history of generalized absence seizures, with a frequency of more than one per year. (US resp 1st RFP #4 pages 53-56_corrected). Based on information provided by Mr. Phillips, EMT-P Perkinson charted that the age of onset of the seizures was adult and that the last seizure was seven to twelve months previously. [Id.]. Based on information provided by Mr. Phillips, EMT-P Perkinson wrote that the seizures began seven months after a car accident. [Id.]. Ms. Perkinson's memo, dated June 18, 2017, notes that Mr. Phillips' medications and

paperwork were in the pharmacy and he received his medication from her on the evening he arrived. (US resp 1st RFP #8, CPO_covered documents, page 43); Perkinson deposition. The remaining allegations are denied.

39. Admitted that EMT-P Perkinson gave Mr. Phillips a PPD test on May 16, 201 and she scheduled the PPD test to be read by a nurse on May 18, 2017. (US resp 1st RFP #4 pages 53-56_corrected). Admitted that EMT-P Perkinson noted on May 16, 2017, that Mr. Phillips had eye glasses that were his personal eye glasses. (Id.). Admitted that EMT-P Perkinson wrote on the health screen that she "[i]nstructed inmate how to obtain medical, dental, and mental health care." (Id.). Admitted that EMT-P instructed Mr. Phillips on how to obtain medical, dental, and mental health care. (Id.). The remaining allegations are denied.

40. Admitted that as part of the intake process, EMT-P Perkinson scheduled a medication reconciliation with a physician on May 16, 2017 at 15:50. (US resp 1st RFP #4 page 56_corrected). The remainder of the allegations are denied.

41. Admitted. (US resp 1st RFP #4 page 86_corrected); see [D.E. 116, at ¶ 41] and (US resp 1st RFP #4 page 88_corrected).

42. Denied.

43. Denied.

44. Admitted that Nurse Practitioner Van Sickle entered into BEMR for Mr. Phillips, at 3:25 pm on May 17, 2017, the ICD-10 code G40909 which is Epilepsy-Seizure Disorder. (US resp 1st RFP #4 page 63_corrected). The remainder of the allegations are denied.

45. Admitted that Nurse Practitioner Van Sickle prescribed divalproex. (US resp 1st RFP #4 pages 52, 87-90_corrected). The remainder of the allegations are denied. See (Id. at pp. 87-90).

46. Admitted that Vimpat and Keppra were not prescribed for Mr. Phillips. See (US resp to RFA ## 8-9). Otherwise, denied.

47. Denied.

48. Denied.

49. Denied.

50. Admitted that Nurse DeNuzzia read Mr. Phillips' PPD on May 18, 2017 at 6:46 a.m. (US resp 1st RFP #4 page 59_corrected). Otherwise, denied. See (US resp 1st RFP #4 pages 87-90_corrected).

51. Denied. Nurse Lane dispensed the self-carry divalproex on May 18, 2017. (US resp 1st RFP #4 pages 88-89_corrected). The BOP National Formulary is a writing and is the best evidence of its contents. The United States, therefore, admits the allegation regarding the National Formulary to the extent the document supports the allegation and denies it to the extent the document does not. The remainder of the allegations are denied.

52. Denied.

53. Though Defendant has received the Declaration of Antoine Washington (former inmate) produced by Plaintiff, the United States is unable to verify his allegations. Therefore, the allegations of paragraph 53 are denied.

54. Plaintiff has not produced any evidence during discovery to support the allegation of "[a]nother fellow inmate['s]" statement. The United States is unable to verify these allegation; therefore, the allegations are denied.

55. Denied.

56. Denied. See 28 U.S.C. § 2680(a); Fed. R. Civ. P. 12(h)(3).

57. Admitted that BOP records reflect Mr. Phillips called the phone number that he informed BOP was that of his fiancé, Ms. Demetria Allen. See (US resp 1st RFP #4 pages 110_corrected). The United States is unable to verify the remainder of the allegations so the same are denied.

58. The United States does not have a record documenting the allegation in paragraph 58. Officers do not track inmate movement inside the housing unit. Hence, the allegation is denied. Admitted that Lt. T. Reese, Activities Lieutenant, authored a memorandum dated May 20, 2017 noting that he responded to the medical emergency in Granville B. (US Response to Plf 1st RFP #8, non-privileged, at 15). After Mr. Phillips was taken to medical, inmate Ramon Haquia approached Lt. Reese and stated that he observed Tamarquis Phillips "shaking" in his bunk at 2:30

13

a.m. on May 20, 2022, but he did not alert custody personnel because he thought Phillips "was just having a bad dream." (Id.). Further, EMT-P Perkinson's memorandum dated June 18, 2017 documents that "the only answer [she] could get to [her] question of when anyone had seen [Mr. Phillips] was 'last night.'" (US Response to Plf 1st RFP #8, CPO_covered documents, page 43).

59. Admitted that Mr. Phillips was found face down, unresponsive, pulseless, not breathing in his bunk with blood on his pillow around 9:58 am on May 20, 2017. Admitted that BOP staff initiated resuscitative procedures, but they did not revive Mr. Phillips. The remainder of the allegations are denied.

60. Admitted that BEMR records reflect Mr. Phillips' history of seizure disorder and that Mr. Phillips was not seen by a physician prior to his death. Dr. Rosenthal's handwritten note is admitted.(US Response to Plf 1st RFP #8, CPO_covered documents, page 13). Otherwise, denied.

61. Admitted that Mr. Phillips was declared dead within 30 minutes of being found unresponsive on the morning of May 20, 2017 and that this was the first time a physician saw Mr. Phillips. Otherwise, denied.

62. Admitted that the Medical Examiner was notified of death at 10:45 a.m.; Plaintiff Robin Phillips was notified around 2:12 p.m.; and Plaintiff Robin Phillips requested an autopsy. See (US resp 1st RFP #8 Non-Privileged at 33;  US resp 1st RFP #4_corrected at 112). The United

States is not in a position to admit or deny Plaintiff's reasoning for requesting an autopsy so the same is denied.

63. This paragraph recites the contents of a written document. Writings are the best evidence of their content. Therefore, the allegations regarding the autopsy report are admitted to the extent supported by the report and denied to the extent not supported by the written autopsy report.

64. Denied. See also response to paragraph 63.

65. Denied.

66. This paragraph recites the contents of a written document. Writings are the best evidence of their content. Therefore, the allegations regarding the autopsy report are admitted to the extent supported by the report and denied to the extent not supported by the written autopsy report.

67. Admitted that EMT-P Perkinson drafted a contemporaneous memorandum dated June 27, 2017. (US Response to Plf 1st RFP #8, CPO_covered documents, pages 43-44). The remainder of the allegations are denied.

68. Denied. The commercial bottles of prescription medication with which Mr. Phillips came to FCC Butner could not be given to Mr. Phillips as self-carry.

69. Admitted. See also, Perkinson and Smith depositions.

70. Denied. See (US resp 1st RFP #8 CPO_covered documents, page 43).

71. Denied.

72. Denied.

73. This paragraph recites contents of a written document. Writings are the best evidence of their content. Therefore, the allegations regarding the Multi-Level Mortality Review (MLMR) are admitted to the extent supported by and denied to the extent not supported by the written report.

74. This paragraph recites the contents of a written document. Writings are the best evidence of their content. Therefore, the allegations regarding the Multi-Level Mortality Review (MLMR) are admitted to the extent supported by and denied to the extent not supported by the written report.

75. This paragraph recites the contents of a written document. Writings are the best evidence of their content. Therefore, the allegations regarding the MLMR are admitted to the extent supported by and denied to the extent not supported by the written report. (US resp 1st RFP #8 CPO_covered documents, page 13).

76. Denied.

77. Denied. <u>See</u> (US resp to 1st RFP #29, RFP 29 - medication errors at LSCI_BUF_ or unknown Inst - May 2012 - May 2017 - Severity 4-6).

78. This paragraph recites the contents of a written document. Writings are the best evidence of their content. Therefore, the allegations regarding the MLMR are admitted to the extent supported by and denied to the

extent not supported by the written report. The remainder of the allegations are denied, including all allegations, inferences, and arguments of negligence.

79. Denied.

80. Denied.

81. Denied.

82. Denied. Further, the United States will move to dismiss the claims challenging failure to enact or adequacy of policies as barred by the discretionary function exception of the FTCA. 28 U.S.C. § 2680(a); Fed. R .Civ. P. 12(h)(3).

83. Admitted that Mr. Phillips was not seen by a physician. The remainder of the allegations of paragraph 83 are denied.

84. Admitted that FCC Butner Complex Supplement BUX 6031.01.01F, Medical and Dental Care of Inmates (January 12, 2016), was signed off on, or approved by, the Wardens at FCC Butner at that time, along with the Executive Assistant and Union representatives. This paragraph recites the contents of a written document. Writings are the best evidence of their content. Therefore, the allegations regarding the Complex Supplement are admitted to the extent supported by and denied to the extent not supported by the written document. Otherwise, denied.

85.      Denied. Further, the United States will move to dismiss the claims challenging failure to enact or adequacy of policies as barred by the discretionary function exception of the FTCA. 28 U.S.C. § 2680(a); Fed. R. Civ. P. 12(h)(3).

86.      Denied. Further, the United States will move to dismiss the claims challenging failure to enact or adequacy of policies as barred by the discretionary function exception of the FTCA. 28 U.S.C. § 2680(a); Fed. R. Civ. P. 12(h)(3).

87.      Denied. <u>See</u> (US resp to 1st RFP #29, RFP 29 - medication errors at LSCI_BUF_ or unknown Inst - May 2012 - May 2017 - Severity 4-6).

88.      Denied.

<u>Rule 9(j) CERTIFICATION</u>

89.      Inapplicable. <u>Pledger v. Lynch</u>, 5 F.4th 511 (4th Cir. 2021).

<u>COUNT I</u>

DELIBERATE INDIVDDURENCE TO SERIOUS MEDICAL NEEDS
IN VIOLATION OF <u>BIVENS</u>
(Against Defendants Lane and Perkinson)

90.      Denied. An Answer on behalf of Defendants Lane and Perkinson previously were filed at Docket Entries 116 and 117.

91.      See response to paragraph 90.

92.      See response to paragraph 90.

93.      See response to paragraph 90.

94.      See response to paragraph 90.

18

95. See response to paragraph 90.

96. See response to paragraph 90.

97. See response to paragraph 90.

98. See response to paragraph 90.

99. See response to paragraph 90.

100. See response to paragraph 90.

101. See response to paragraph 90.

<u>COUNT II</u>
NEGLIGENCE
(Against Defendants Sandhu and Vanceboro)

102. Denied. Plaintiff voluntarily dismissed Defendants Sandhu and Vanceboro. [D.E. 130]. Notwithstanding, the United States does not represent either Dr. Sandhu or Vanceboro Internal Medicine.

103. See response to paragraph 102.

104. See response to paragraph 102.

105. See response to paragraph 102.

106. See response to paragraph 102.

107. See response to paragraph 102.

108. See response to paragraph 102.

109. See response to paragraph 102.

110. See response to paragraph 102.

111. See response to paragraph 102.

112. See response to paragraph 102.

19

113.   See response to paragraph 102.

114.   See response to paragraph 102.

115.   See response to paragraph 102.

116.   See response to paragraph 102.

<u>COUNT III</u>
GROSS NEGLIGENCE
(Against Defendant Sandhu and Vanceboro)

117.   See response to paragraph 102.

118.   See response to paragraph 102.

119.   See response to paragraph 102.

120.   See response to paragraph 102.

121.   See response to paragraph 102.

122.   See response to paragraph 102.

123.   See response to paragraph 102.

124.   See response to paragraph 102.

125.   See response to paragraph 102.

126.   See response to paragraph 102.

<u>COUNT IV</u>
UNDER THE FEDERAL TORT CLAIMS ACT
(Against Defendant United States of America)

127.   The United States realleges all of its responses as though fully set out
       herein.

128.   Admitted.

129. Admitted that the United States employs Defendants Lane and Perkinson, and employed Van Sickle at the time relevant to the Second Amended Complaint. The remainder of the allegations of paragraph 129 are denied. All allegations, inferences, and arguments of negligence are denied.

130. Admitted.

131. Denied.

132. Denied.

133. Denied.

<u>COUNT V</u>
CORPORTATE NEGLIGENCE
UNDER THE FEDERAL TORT CLAIMS ACT
(Against Defendant United State of America)

134. The United States realleges all of its responses as though fully set out herein.

135. Admitted that Nurse Lane, EMT-P Perkinson, and Nurse Practitioner Van Sickle were acting with the course and scope of their employment when they cared for Mr. Phillips from May 16 – 20, 2017. [D.E. 29, DE 86, Notice of Substitution]. There is no waiver of sovereign immunity for "corporate" or entity negligence. Congress waived sovereign immunity for acts of negligence of federal employees acting within the scope of employment. <u>See</u> 28 USC § 1346(b)(1). The remaining allegations are denied. All allegations, inferences, and arguments of negligence are denied.

21

136. Denied. Paragraph 136 and all subparts (a-o) of paragraph 136 are denied. Negligence is denied. Further, the United States will move to dismiss the claims challenging failure to enact or adequacy of policies as barred by the discretionary function exception. <u>See</u> 28 U.S.C. § 2680(a); Fed. R. Civ. P. 12(h)(3).

137. Inapplicable. <u>Pledger v. Lynch</u>, 5 F.4th 511 (4th Cir. 2021).

138. Denied.

<u>COUNT VI</u>
UNDER THE FEDERAL TORT CLAIMS ACT
(Against Defendant United States of America)

139. The United States realleges all of its responses as though fully set out herein.

140. The United States is without information to admit or deny the allegations of paragraph 140, but does not have reason to challenge the allegations at this time. The United States understood that Plaintiff Robin Phillips is the sole not the "primary" beneficiary.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

Any averment not answered is denied. All allegations, inferences, and arguments of negligence are denied.

22

## PRAYER FOR RELIEF

The United States denies Plaintiff's prayer for relief.

## FIRST DEFENSE

Plaintiff's claim should be dismissed as time-barred for failure to present an administrative claim within 2 years of FTCA claim accrual. Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 2401(b). The United States incorporates by reference its recitation of facts and arguments in its memorandum in support of motion to dismiss [D.E. 121] and reply [D.E. 127]. Fed. R. Civ. P. 10(c).

## SECOND DEFENSE

Plaintiff's contributory negligence precludes recovery.[1] The toxicology screen reveals Mr. Phillips did not take the Depakote self-carry pills given to him on May 18, 2017. See (US resp 1st RFP #4 pages 87-89_corrected).

The United States, having fully answered and responded, prays that the Second Amended Complaint be dismissed; that Plaintiff receive no relief; that Plaintiff bear the costs and expenses of this litigation; and that the United States be afforded such other relief as may be justified by the facts and the law.

---

[1] Wrongful death suits are derivative actions. Where decedent in a wrongful death case was contributorily negligent, as a matter of law, decedent's contributory negligence bars the estate's claim and the claim must be dismissed. *Canaday v. McLeod*, 446 S.E.2d 879, 882 (N.C. App. Aug. 1994) (grant of summary judgment in favor of defendant upheld because estate's wrongful death claim was barred by decedent's contributory negligence as a matter of law) (emphases added); see *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 423 S.E.2d 72 (NC 1992).

Respectfully submitted, this 1st day of November, 2022.

MICHAEL F. EASLEY, JR.
United States Attorney


By: /s/ Sharon C. Wilson
SHARON C. WILSON
Attorney for Defendants
Wells Fargo Building
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4026
Facsimile: (919) 856-4821
Sharon.Wilson2@usdoj.gov
N.C. State Bar No. 18435

24

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 1st day of November, 2022, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

Catharine E. Edwards
Kristen L. Beightol
Counsel for Plaintiff

Suzanne R. Walker
Barry S. Cobb
Counsel for Yvonne Lane, RN

Ashley Braithwaite
Ginger Hunsucker
Madeleine Pfefferle
Counsel for Teri Perkinson, EMT

/s/ Sharon C. Wilson
SHARON C. WILSON
Assistant United States Attorney
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4026
Email: sharon.wilson2@usdoj.gov
N.C. Bar # 18435

25